United States Bankruptcy Court
Southern District of Iowa

In re:                                                                                          Case No. 18-02154-als
Kennard P Kling                                                                                 Chapter 7
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0863-4           User: admin              Page 1 of 1              Date Rcvd: Dec 27, 2018
                               Form ID: 1318            Total Noticed: 17

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 29, 2018.
db           +Kennard P Kling,    2220 - 230th St.,    Washington, IA 52353-9270
cr           +Channel Bio LLC,    c/o Christopher L. Low,    2536 73rd St.,    Des Moines, IA 50322-4700
cr           +Wells Fargo Bank NA,    c/o Southlaw PC,    13160 Foster Street, Ste 100,
               Overland Park, KS 66213-2848
802338941     Channel Bio, LLC,    PO Box 204092,    Dallas, TX 75320-4092
802338942    +Christopher L. Low,    2536 73rd St,    Des Moines, IA 50322-4700
802338943    +Christopher L. Low,    2536 73rd St.,    Urbandale, IA 50322-4700
802338944    +Cindy A. Kling,    2220 230th St.,    Washington, IA 52353-9270
802338945    +Gabeline Trucking Corporation,    25900 205th Ave.,    Yarmouth, IA 52660-9708
802338946    +NuTech Seed,    2321 North Loop Dr., Suite 120,    Ames, IA 50010-8218
802338947    +Pfister Seeds LLC,    201 Knollwood Drive Suite A,    Champaign, IL 61820-2067
802338948    +Progreesive Seed Service,    2361 220th St.,    Washington, IA 52353-9238
802338949    +Rodger M. Turbak,    13160 Foster Street, Suite 100,    Overland Park, KS 66213-2848
802338950     Seterus,    PO Box 1077,    Hartford, CT 06143-1077
802338951    +Tom Wide,    2361 - 220th St.,    Washington, IA 52353-9238

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
tr            EDI: QWBHUISINGA.COM Dec 28 2018 05:08:00      Wesley B Huisinga,    115 3rd St SE, Ste 500,
               PO Box 2107,    Cedar Rapids, IA  52406-2107
802338952     E-mail/Text: sbohn@washsb.com Dec 28 2018 00:11:24      Washington State Bank,
               121 S. Marion Ave.,    P O Box 311,    Washington, IA 52353-0311
802338953     EDI: WFFC.COM Dec 28 2018 05:08:00      Wells Fargo Bank, N.A.,    PO Box 9343,
               Des Moines, IA 50306-9343
                                                                                              TOTAL: 3

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*          +Pfister Seeds LLC,   201 Knollwood Drive, Suite A,   Champaign, IL 61820-2067
                                                                                            TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 29, 2018                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 27, 2018 at the address(es) listed below:
              Benjamin W Hopkins    on behalf of Creditor    Federal National Mortgage Association ("Fannie Mae"),
               creditor c/o Seterus, Inc. rbennethum@petosalaw.com, jmcvay@petosalaw.com
              Robert G Schlegel    on behalf of Debtor Kennard P Kling robert@washialaw.com
              United States Trustee    USTPRegion12.DM.ECF@usdoj.gov
              Wesley B Huisinga    wbh@shuttleworthlaw.com,
               whuisinga@ecf.epiqsystems.com;cam@shuttleworthlaw.com,brandy@shuttleworthlaw.com
                                                                                             TOTAL: 4

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | Kennard P Kling<br>First Name    Middle Name    Last Name | Social Security number or ITIN    xxx–xx–8825<br>EIN    _ _–_ _ _ _ _ _ _ |
| Debtor 2<br>(Spouse, if filing) | _____<br>First Name    Middle Name    Last Name | Social Security number or ITIN   _ _ _ _<br>EIN    _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court    Southern District of Iowa | | |
| Case number:    18–02154–als7 | | |

# Order of Discharge                                                        12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Kennard P Kling
aka KP Kling

12/27/18                                                **By the court:**   Judge Anita L. Shodeen
                                                                            United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2**

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**